IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. DAWUD MUHAMMED, *Defendant.* | Criminal Action No. 22-cr-416 |

**ORDER**

**AND NOW**, this 5th day of March, 2024, upon consideration of Defendant's motion to withdraw guilty plea and motion to dismiss, and the Government's response in opposition thereto, I find as follows:

1. A grand jury charged Defendant Dawud Muhammed with violating 18 U.S.C. § 922(g)(1) by possessing a firearm following a previous felony conviction. Muhammed has prior felony convictions for possession of a concealed firearm without a license, 18 Pa. C.S. § 6106(a)(1), and possession of a firearm with an obliterated serial number, 18 Pa. C.S. § 6110.2(a). (ECF No. 30 at 7; ECF No. 33 at 4.)

2. On March 21, 2023, Muhammed pled guilty to violating § 922(g)(1). Sentencing is scheduled for March 19, 2024.

3. On February 16, 2024, Muhammed moved to withdraw his guilty plea and dismiss the indictment. Muhammed argues that § 922(g)(1) is unconstitutional under the Second Amendment to the Constitution, both facially and as applied to him, relying on the Third Circuit's recent en banc decision in Range v. Attorney General, 69 F.4th 96 (3d Cir. 2023), which found § 922(g)(1) unconstitutional as applied to the plaintiff in that case.

1

I.   **DISCUSSION**

4.   Muhammed asks to withdraw his guilty plea solely for the purpose of filing a motion to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional. "To permit a defendant to withdraw his guilty plea, the defendant must show a fair and just reason for requesting the withdrawal." United States v. Kwasnik, 55 F.4th 212, 216 (3d Cir. 2022). Because, for the reasons set forth below, I conclude that § 922(g)(1) is constitutional as applied to Muhammed, I will deny Muhammed's motion to withdraw his guilty plea, as well as Muhammed's motion to dismiss the indictment.

5.   The Second Amendment to the United States Constitution protects "the right of the people to keep and bear arms," but this right is "not unlimited." District of Columbia v. Heller, 554 U.S. 570, 626 (2008). A restriction on an individual's right to bear arms is permissible if it is consistent with "the historical tradition that delimits the outer bounds of the right to keep and bear arms." New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111, 2127 (2022).

6.   The statute at issue in this case, 18 U.S.C. § 922(g)(1), makes it unlawful for "any person[] who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm," subject to certain interstate commerce elements. In Range v. Attorney General, the Third Circuit held that § 922(g)(1) was unconstitutional as applied to the plaintiff in that case, who had one prior conviction for making a false statement in an application for food stamps. 69 F.4th at 98. The court reasoned that the Government had failed to meet its burden of demonstrating that § 922(g)(1), as applied to Range, was "consistent with the Nation's historic tradition of firearm regulation," and the statute was thus unconstitutional as applied to "people like Range." Id. at 101-03, 106.

7.   I conclude that, as applied to Muhammed, § 922(g)(1) is consistent with the historical tradition of firearm regulation. There is a long history of disarming individuals determined to

be dangerous. See United States v. Allen, No. 22-cr-456, 2023 WL 8701295, at *3 (E.D. Pa. Dec. 15, 2023). Unlike the plaintiff in Range, who did not "conceivably pose . . . a threat" based on his prior conviction for lying in an application for food stamps, Muhammed has multiple convictions for misusing firearms in dangerous ways. See Range, 69 F.4th at 109-10 (Ambro, J., concurring); Commonwealth v. Scarborough, 89 A.3d 679, 687 (Pa. Super. Ct. 2014) (noting the "danger" associated with unlicensed concealed carry). Accordingly, § 922(g)(1) reflects a reasonable legislative judgment that a person convicted of such offenses would be dangerous if armed, and is therefore constitutional as applied to Muhammed.

8.      Muhammed alternatively argues that § 922(g)(1) is facially unconstitutional. "A party asserting a facial challenge must establish that no set of circumstances exists under which the Act would be valid." United States v. Mitchell, 652 F.3d 387, 405 (3d Cir. 2011) (en banc) (quotation marks omitted). Muhammed cannot demonstrate that § 922(g)(1) is unconstitutional in all applications because it is constitutional as applied to him.

9.      Finally, Muhammed argues that once courts carve out exceptions to § 922(g)(1) pursuant to Range, the parts that remain are so ill-defined that they are unconstitutionally vague. A statute is unconstitutionally vague if it fails to "give ordinary people fair warning about what the law demands of them," a standard that normally applies to the statute as written. See United States v. Davis, 139 S. Ct. 2319, 2323 (2019). By contrast, courts have long permitted as-applied challenges to otherwise valid laws, and this practice has never been held to create a vagueness problem. See, e.g., Yazoo & M. v. R. Co. v. Jackson Vinger Co., 226 U.S. 217, 219-20 (1912) (finding that a state statute imposing a penalty for failing to settle a claim was not unconstitutional as applied to the facts of the case); Ayotte v. Planned Parenthood, 546 U.S. 320, 326 (2006) (vacating a district

3

court opinion finding an act unconstitutional on its face even though it was unconstitutional if applied "in a manner that subjects minors to significant health risks").

10.     For the foregoing reasons, I will deny Muhammed's motions to withdraw his guilty plea and dismiss the indictment. Because I conclude that § 922(g)(1) as applied to Muhammed is consistent with historic tradition, I do not reach the Government's alternative arguments.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to withdraw guilty plea (ECF No. 30) and motion to dismiss (ECF No. 31) are **DENIED**.

**BY THE COURT:**

 /s/ *Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**